UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY BRILLANTES,<br><br>Plaintiff,<br><br>v.<br><br>DAVITA INC., et al.,<br><br>Defendants. | Case No.  26-cv-03476-AMO<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS AND ORDER TO SHOW CAUSE WHY CLAIMS AGAINST REMAINING DEFENDANTS SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. No. 13 |

Before the Court is Defendant DaVita, Inc.'s ("DaVita") motion to dismiss.  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for June 18, 2026, was vacated.  *See* Dkt. No. 15; *see also* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b).  Having read DaVita's papers and carefully considered its arguments and the relevant legal authority, and in the absence of an opposition from Plaintiff Sandy Brillantes, the Court **GRANTS** DaVita's motion for the following reasons.

## I.    BACKGROUND

On September 17, 2025, six months prior to filing the instant action, Brillantes signed and executed a "Separation Agreement" in connection with her separation of employment from DaVita subsidiary Total Renal Care, Inc.  Gwiner Decl. (Dkt. No. 13-2) ¶ 3, Ex. A.  In the Separation Agreement, she unambiguously agreed to fully and forever "release DaVita and its current and former successors, . . . employees, officers, subsidiaries and affiliates . . . from any and all claims, actions, causes of action, liabilities, [and] demands . . . through the date of [the] Agreement."  *Id.*, ¶ 3, Ex. A, ¶ 5.  Brillantes further covenanted that she would "not initiate any lawsuit asserting any claim, action or cause of action, of any kind" that she released in the Separation Agreement.  *Id.*, ¶ 2, Ex. A, ¶ 9.

Despite the Separation Agreement's provision not to file suit, on March 20, 2026, Brillantes filed a complaint against DaVita in the Superior Court of the State of California County of Alameda, *Sandy Brillantes v. DaVita Inc., also known as Total Renal Care), a Delaware Corporation, and DOES 1 through 30, inclusive*, Case No. 26CV177286.  On April 23, 2026, DaVita removed the case to this Court.  *See* Dkt. No. 1.

On April 28, 2026, Brillantes filed her First Amended Complaint ("FAC"), alleging thirteen causes of action including: harassment, discrimination, failure to prevent harassment and discrimination, and retaliation in violation of California's Fair Employment and Housing Act ("FEHA"); retaliation in violation of California Labor Code sections 98.6 and 1102.5; wrongful termination in violation of public policy; and various wage-and-hour violations under the California Labor Code.[1]  FAC (Dkt. No. 6) at 1- 2.  The FAC also added five individual defendants, all of whom are current and/or former employees of DaVita and/or its subsidiaries: Carmen Bhogal, Taylor Alexander, Steven Lee, Katherine Reynolds, and Zeenat Nisha.  FAC ¶¶ 3-8.  The FAC alleges the following: Brillantes, a transgender woman, worked for DaVita subsidiary Total Renal Care, Inc., as a Senior Dialysis Technician in Union City, California.  FAC ¶¶ 1, 18.  During her employment, Brillantes was harassed by multiple patients based on her identity as a transgender woman, but Defendants failed to address those complaints; she reported safety concerns that went unaddressed; she was not compensated for all hours worked; she did not receive meal and/or rest breaks; she was required to use her personal belongings for work purposes without reimbursement; she was wrongfully terminated after a patient accused her of making sexual advances toward him; and she was not timely provided final wages owed to her upon her termination.  FAC ¶¶ 28-38, 41-42, 44-62, 69.

II.    DISCUSSION

DaVita moves to dismiss on the basis that Brillantes's lawsuit fails as a matter of law following her acceptance of the Separation agreement.  *See* Dkt. No. 13.  A motion to dismiss

---

[1] "On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff." *Detwiler v. MidColumbia Med. Ctr.*, 156 F.4th 886, 893 (9th Cir. 2025) (citation omitted).

United States District Court
Northern District of California

under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

While the court is to accept as true all the factual allegations in the complaint, it need not accept legally conclusory statements unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679.

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. *See Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The court may consider matters that are properly the subject of judicial notice, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider documents referenced extensively in the complaint and documents that form the basis of the plaintiffs' claims. *See No. 84 Emp'r-Teamster Jt. Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003). If dismissal is warranted, it is generally without prejudice, unless it is clear that the complaint cannot be saved by any amendment. *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005).

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

### A.    Incorporation by Reference

The doctrine of incorporation by reference permits a court to treat an extrinsic document as if it were part of the complaint if the pleading "refers extensively to the document" or if "the document forms the basis" of a claim. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The doctrine exists to " '[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.' " *Id.* at 1002 (citation omitted). Trial courts may consider documents extrinsic to the complaint on a motion to dismiss if those documents are "integral to the plaintiff's claims and their authenticity is not in dispute." *Birdsong v. AT & T Corp.*, No. 12-cv-6175 TEH, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) (internal quotation marks omitted). Release agreements that may bar a plaintiff's claims are regularly considered under the incorporation by reference doctrine. *See id.* (considering a release agreement on a motion to dismiss because it was "an integral part of [the plaintiff's] allegations, for she would have no valid claims unless the release agreement did not bar them"); *Advanced Cleanup Techs., Inc. v. BP Am. Inc.*, 2015 WL 13841820, at *2 n. 2 (C.D. Cal. Oct. 9, 2015) ("A well-established application of [the incorporation by reference] doctrine is a settlement agreement that, if valid, would bar claims alleged by the plaintiff in his or her complaint." (collecting cases)).

Here, the Court considers Brillantes's Separation Agreement as part of the FAC under the incorporation-by-reference doctrine. Brillantes did not object, oppose, or otherwise contest the authenticity of the Separation Agreement. Moreover, the Separation Agreement is an integral part of Brillantes's claims. "Because Plaintiff 'would have no valid claims unless the release agreement did not bar them,' the court may consider the [release agreement] on a motion to dismiss." *Bamforth v. Facebook, Inc.*, No. 20-CV-09483-DMR, 2021 WL 4133753, at *10 (N.D. Cal. Sept. 10, 2021), aff'd, No. 21-16681, 2023 WL 5925982 (9th Cir. Sept. 12, 2023) (quoting Birdsong, 2013 WL 1120783, at *2). Accordingly, the Court will grant DaVita's request to consider the Separation Agreement incorporated by reference.

United States District Court
Northern District of California

### B.      Plaintiff's Claims Fail in Light of the Contractual Release

Where a plaintiff has released her claims pursuant to a settlement agreement, dismissal is proper. *See Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) (affirming dismissal of claims where plaintiff had signed full release).  District courts regularly dismiss cases where a contractual release of legal claims bars the lawsuit.  *See Bamforth*, 2021 WL 4133753, at *11 (finding the plain terms of the plaintiff's release agreement barred plaintiff's claims and granting motion to dismiss accordingly); *Birdsong*, 2013 WL 1120783, at *3 (same).

Here, Brillantes released her legal claims through the Separation Agreement.  Brillantes agreed to:

- Waive "any and all claims for violation of any federal, state, or municipal statute, regulation, ordinance, or constitutional provision." Gwiner Decl., ¶ 3, Ex. A, ¶ 5(b).
- Fully release "DaVita and its current and former successors, . . . employees, officers, subsidiaries and affiliates . . . from any and all claims, actions, causes of action, liabilities, [and] demands … through the date of [the] Agreement." Gwiner Decl., ¶ 3, Ex. A, ¶ 5.
- "Not initiate any lawsuit asserting any claim, action or cause of action, of any kind that he or she has herein released." Gwiner Decl., ¶ 3, Ex. A, ¶ 9.

The Separation Agreement therefore includes an "exceptionally broad" release, which proves "fatal" to each of the claims Brillantes alleges.  *See Marder*, 450 F.3d at 449.  Therefore, the Court will grant DaVita's Motion and dismiss Brillantes's FAC.

### C.      Order to Show Cause

As noted above, Brillantes agreed to fully release "DaVita and its current and former successors, . . . employees, officers, subsidiaries and affiliates . . . from any and all claims, actions, causes of action, liabilities, [and] demands . . . through the date of [the] Agreement."  Gwiner Decl., ¶ 3, Ex. A, ¶ 5.  The Separation Agreement accordingly appears to preclude Brillantes's claims as to the remaining Defendants identified in the FAC even though the instant motion to dismiss was filed only on behalf of DaVita.  FAC ¶¶ 3-8.  The Court **ORDERS** Brillantes to **SHOW CAUSE** why the remaining claims should not also be dismissed in given the release of claims as to the remaining Defendants as detailed in the Separation Agreement.  Brillantes's

5

written response to this order, not to exceed five (5) pages, shall be filed by no later than noon on July 10, 2026. Failure to respond will result in dismissal of the claims against the remaining Defendants with prejudice.

**III.    CONCLUSION**

For the foregoing reasons, including the legal failure of Brillantes's claims against DaVita in light of the releases included in the Separation Agreement, the Court **GRANTS** DaVita's motion to dismiss. The Court **DISMISSES** DaVita with prejudice. DaVita shall file a proposed form of judgment by noon on July 14, 2026.

**IT IS SO ORDERED.**

Dated: June 29, 2026

_____

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

6